UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, on behalf of himself and all other similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | No. 4:05-cv-533-RWS |
| ) | |
| ALAN BLAKE, LINDA MEADE, JAY ENGLEHART and OTHER UNKNOWN PERSONS, ALL MSOTC FACILITY, ) ) ) ) | |
| Defendants. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Larry Coffman, a civil detainee at the Missouri Sexual Offender Treatment Center located in Farmington, Missouri ("MSOTC"), for leave to commence this action without payment of the required filing fee [Docs. #2 and #5]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks declaratory, injunctive, and monetary relief for alleged violations of his federally protected rights.[1, 2] Defendants, who are sued in their personal and official capacities, are Alan Blake, (MSOTC chief operating officer), Linda Meade (MSOTC Director), Jay Englehart (administrator of the Missouri Sexually Violent Predator program), other unknown persons and the MSOTC staff. Although not named as a defendant in the caption of the complaint as required by Rule 10(a) of the Federal Rules of Civil Procedure, it appears that plaintiff also seeks relief against Matt Blunt, the Governor of Missouri. Plaintiff's claims may be summed up as follows: (1) Missouri's Sexually Violent Predator Act ("MSVPA"), Missouri Revised Statute §§ 632.480, *et seq.,* is unconstitutional; (2) denial of request for a wheelchair; (3) retaliation for asserting his constitutional rights; and (4) conditions of confinement.

---

[1]The Court notes that plaintiff has filed suit on behalf of himself and all others similarly situated. Because the Court is dismissing this complaint prior to service of process, it will make no decision regarding this complaint's suitability as a class action.

[2]Plaintiff has moved to supplement his complaint [Doc. #4]. The Court will grant plaintiff's motion and will consider the supplement in conjunction with plaintiff's complaint.

2

### A. Constitutionality of MSVPA

A favorable ruling on plaintiff's § 1983 claim that Missouri's SVPA is unconstitutional would necessarily imply the invalidity of plaintiff's current confinement. Habeas corpus, however, is the proper mechanism for an inmate to challenge either the fact or length of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Even if the Court liberally construed this action as a federal habeas corpus action, there is no indication that plaintiff has previously presented his claims relative to the unconstitutionality of § 632.480 to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. It appears that plaintiff would have the opportunity to assert his claims in state court.

Moreover, to the extent that plaintiff is seeking damages stemming from his allegedly unconstitutional confinement, the Court notes that a judgment awarding him monetary damages would necessarily call into question the validity of his confinement. Consequently, plaintiff cannot proceed on his damages claim unless and until the judgment finding that he is a sexually violent predator has been reversed or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, plaintiff's claim regarding the constitutionality of Missouri's SVPA must be dismissed.

### B. Denial of request for a wheelchair

To the extent that plaintiff is claiming that the sexual offender program at the Farmington Treatment Center is a medical service and is inadequate under the Due Process Clause

of the Fourteenth Amendment, he "must show that any medical deprivation is objectively serious" and that defendants "are acting with deliberate indifference to his needs." *Tineybey v. Peters*, 2110 WL 527409 (N.D.Ill.).³ "Dissatisfaction with a medical program or disagreement with how a medical program is run . . . is not indicative of deliberate indifference . . . and by itself, cannot support a § 1983 claim." *Id*. Plaintiff's allegation that "the medical staff" violated his constitutional rights by refusing to provide him with a wheelchair, at most, constitutes dissatisfaction or a disagreement with the sexual offender treatment program and simply is not cognizable as a constitutional violation. *See* Plaintiff's Exhibit 2.

Plaintiff's allegations also fail to state a claim as to this issue because, as part of a pattern in this complaint, plaintiff has failed to name a specific defendant or defendants responsible for the alleged deprivation of rights. *See below*. Thus, plaintiff's claim regarding the denial of his request for a wheelchair must be dismissed.

**C.     Retaliation**

Plaintiff asserts that defendants' actions were taken in retaliation for his exercise of his First Amendment rights, specifically, his filing of lawsuits over the conditions at MSOTC. He alleges that he was discouraged from petitioning his elected representatives and the courts. "Prison officials may not retaliate against an inmate for the exercise of a constitutional right." *Novak v. Mundt*, 2005 WL 1277834, *7 (D.Minn. 2005) (*citing Sanders v. St. Louis County,* 724 F.2d 665 (8th Cir.1983); 42 U.S.C. § 1997(d)). "To prevail on a retaliation claim, however, a party must allege and prove that

---

³*Cf. Spencer v. Knapheide Truck Equipment Co.,* 183 F.3d 902, 906 (8th Cir. 1999)(Fourteenth Amendment entitles pretrial detainees to at least as great protection as that afforded convicted prisoners under Eighth Amendment; Eighth Circuit has yet to settle on clearly binding standard).

4

the conduct did not advance legitimate correctional goals or was not tailored narrowly enough to achieve such goals." *Id.* (citations omitted).

Plaintiff has not made out such a claim. The acts of which plaintiff complains, as addressed herein, show no unconstitutional, retaliatory motive. Moreover, again, plaintiff has failed to state a claim because he has named no specific defendant or defendants who engaged in retaliatory conduct. *See below.* Thus, plaintiff's claim regarding retaliatory conduct must be dismissed.

### D. Conditions of confinement

Plaintiff complains that the MSOTC staff is abusive, that his address book was taken for four days, that he was not provided an envelope for mailing legal documents and that he was not provided margarine, jelly and coffee on his breakfast tray, as requested. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff does not ascribe to any defendant direct responsibility for the alleged deprivations of his rights.

To the extent that plaintiff attempts to hold certain defendants liable because of their supervisory responsibility, his claims fail because "[t]he doctrine of *respondeat superior* is inapplicable to actions brought pursuant to [section 1983]." *Glick v. Sargent*, 696 F.2d 413, 414-415 (8th Cir. 1983) (citations omitted). Accordingly, the Court will dismiss plaintiff's complaint as to his conditions of confinement claims.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis

[Doc. #5] be **GRANTED**.

IT IS FURTHER ORDERED that plaintiff's motion to proceed in forma pauperis [Doc. #2] be **DENIED** as moot.

IT IS FURTHER ORDERED that plaintiff's motion for leave to supplement complaint [Doc. #4] be **GRANTED**.

IT IS FURTHER ORDERED that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 17th day of August, 2005.

_____
**UNITED STATES DISTRICT JUDGE**